# EXHIBIT 1

1  MARC E. ELIAS, ESQ. (D.C. Bar No. 442007) (*pro hac vice forthcoming*)
   HENRY J. BREWSTER, ESQ. (D.C. Bar No. 1033410) (*pro hac vice forthcoming*)
2  COURTNEY A. ELGART, ESQ. (D.C. Bar No. 1645065) (*pro hac vice forthcoming*)
3  **PERKINS COIE LLP**
   700 Thirteenth St. NW, Suite 800
4  Washington, D.C. 20005-3960
   Tel: (202) 654-6200
5  melias@perkinscoie.com
   hbrewster@perkinscoie.com
6  celgart@perkinscoie.com
7
   ABHA KHANNA, ESQ. (Wash. Bar No. 42612) (*pro hac vice forthcoming*)
8  JONATHAN P. HAWLEY, ESQ. (SBN 319464), *counsel for service*
   **PERKINS COIE LLP**
9  1201 Third Avenue, Suite 4900
   Seattle, Washington 98101-3099
10 Tel: (206) 359-8000
11 akhanna@perkinscoie.com
   jhawley@perkinscoie.com
12
   *Attorneys for Proposed Intervenor-Defendants*
13 *DCCC and California Democratic Party*
14
15                  UNITED STATES DISTRICT COURT
16                  EASTERN DISTRICT OF CALIFORNIA

17 REPUBLICAN NATIONAL COMMITTEE;          Case No.:      2:20-cv-01055-MCE-CKD
18 NATIONAL REPUBLICAN
   CONGRESSIONAL COMMITTEE; and           **[PROPOSED] ANSWER TO**
19 CALIFORNIA REPUBLICAN PARTY,           **COMPLAINT FOR DECLARATORY**
                                          **AND INJUNCTIVE RELIEF**
20                        Plaintiffs,
21            v.
22 GAVIN NEWSOM, in his official capacity as
   Governor of California; and ALEX PADILLA,
23 in his official capacity as California Secretary
24 of State,
25                        Defendants,
26 and
27 DCCC and CALIFORNIA DEMOCRATIC
28

1  PARTY,

2                              Proposed
                               Intervenor-
3                              Defendants

4  ─────────────────────────────────────

5        Proposed Intervenor-Defendants DCCC and California State Democratic Party, by and

6  through their attorneys, submit the following Answer to Plaintiffs' Complaint for Declaratory and

7  Injunctive Relief ("Complaint"). Proposed Intervenors respond to the allegations in the Complaint

8  as follows:

9        1.      Paragraph 1 contains mere characterizations, legal contentions, and conclusions to

10 which no response is required.

11       2.      Proposed Intervenors admit that Governor Newsom issued Executive Order N-64-

12 20. The remaining allegations in Paragraph 2 are mere characterizations, legal contentions, and

13 conclusions to which no response is required. To the extent a response is required, Proposed

14 Intervenors deny the allegations.

15       3.      Paragraph 3 contains mere characterizations, legal contentions, and conclusions to

16 which no response is required. To the extent a response is required, Proposed Intervenors deny the

17 allegations.

18       4.      Paragraph 4 contains mere characterizations, legal contentions, and conclusions to

19 which no response is required. To the extent a response is required, Proposed Intervenors deny the

20 allegations.

21       5.      Paragraph 5 contains mere characterizations, legal contentions, and conclusions to

22 which no response is required. To the extent a response is required, Proposed Intervenors deny the

23 allegations.

24                          **JURISDICTION AND VENUE**

25       6.      Paragraph 6 contains mere characterizations, legal contentions, and conclusions to

26 which no response is required.

27       7.      Paragraph 7 contains mere characterizations, legal contentions, and conclusions to

28

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF—PAGE 2

1 | which no response is required.

2 | **PARTIES**

3 | 8. Proposed Intervenors admit the allegations in Paragraph 8.

4 | 9. Proposed Intervenors admit the allegations in Paragraph 9.

5 | 10. Proposed Intervenors are without sufficient information or knowledge with which

6 | to form a belief as to the truth or falsity of the allegations in Paragraph 10.

7 | 11. Proposed Intervenors admit that the RNC works to elect Republican candidates,

8 | and that the language quoted appeared on the Cook Political Report website, but Proposed

9 | Intervenors are without sufficient information or knowledge with which to form a belief as to the

10 | truth or falsity of the remaining allegations in Paragraph 11.

11 | 12. Paragraph 12 contains mere characterizations, legal contentions, and conclusions

12 | to which no response is required.

13 | 13. Paragraph 13 contains mere characterizations, legal contentions, and conclusions

14 | to which no response is required. To the extent a response is required, Proposed Intervenors deny

15 | the allegations.

16 | 14. Proposed Intervenors admit the allegations in Paragraph 14.

17 | 15. Proposed Intervenors are without sufficient information or knowledge with which

18 | to form a belief as to the truth or falsity of the allegations in Paragraph 15.

19 | 16. Paragraph 16 contains mere characterizations, legal contentions, and conclusions

20 | to which no response is required.

21 | 17. Proposed Intervenors admit that the California Republican Party is a political party

22 | with its principal place of business in Sacramento, California, but Proposed Intervenors are without

23 | sufficient information or knowledge with which to form a belief as to the truth or falsity of the

24 | remaining allegations in Paragraph 17.

25 | 18. Proposed Intervenors are without sufficient information or knowledge with which

26 | to form a belief as to the truth or falsity of the allegations in Paragraph 18.

27 | 19. Paragraph 19 contains mere characterizations, legal contentions, and conclusions

28 |

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF—PAGE 3

1    to which no response is required.

2        20.    Proposed Intervenors admit the allegations in Paragraph 20.

3        21.    Proposed Intervenors admit the allegations in Paragraph 21.

4                                **BACKGROUND**

5        22.    Paragraph 22 contains mere characterizations, legal contentions, and conclusions

6    to which no response is required. To the extent a response is required, Proposed Intervenors deny

7    the allegations.

8        23.    Proposed Intervenors admit that the language quoted appeared in the report of the

9    Commission on Federal Election Reform, Michael T. Morley's *Election Emergency Redlines*

10   ("*Redlines*"), and the Seventh Circuit's opinion in *Griffin v. Roupas*, but Proposed Intervenors are

11   without sufficient information or knowledge with which to form a belief as to the truth or falsity

12   of the remaining allegations in Paragraph 23.

13       24.    Proposed Intervenors admit that the language quoted in the first seven sentences

14   appeared in the report of the Commission on Federal Election Reform, but Proposed Intervenors

15   are without sufficient information or knowledge with which to form a belief as to the truth or

16   falsity of the remaining allegations in Paragraph 24.

17       25.    Proposed Intervenors admit that the language quoted appeared in *Redlines*, but

18   Proposed Intervenors are without sufficient information or knowledge with which to form a belief

19   as to the truth or falsity of the remaining allegations in Paragraph 25.

20       26.    Proposed Intervenors admit that the language quoted appeared in a 2012 study by

21   the Pew Center on the States, but Proposed Intervenors are without sufficient information or

22   knowledge with which to form a belief as to the truth or falsity of the remaining allegations in

23   Paragraph 26.

24       27.    Proposed Intervenors admit that the language quoted appeared in a 2010 study by

25   the Caltech/MIT Voting Technology Project, but Proposed Intervenors are without sufficient

26   information or knowledge with which to form a belief as to the truth or falsity of the remaining

27   allegations in Paragraph 27.

28

28.     Proposed Intervenors deny the allegations in Paragraph 28.

29.     Proposed Intervenors admit that the language quoted appeared in *Redlines*, but Proposed Intervenors deny the remaining allegations in Paragraph 29.

30.     Proposed Intervenors deny the allegations in Paragraph 30.

31.     Proposed Intervenors admit that third parties assist voters with returning their absentee ballots in states where it is lawful, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31.

32.     Proposed Intervenors admit that the language quoted appeared in *Redlines*, but Proposed Intervenors deny the remaining allegations in Paragraph 32.

33.     Proposed Intervenors admit that the language quoted appeared in *Redlines*, but Proposed Intervenors deny the remaining allegations in Paragraph 33.

34.     Paragraph 34 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

35.     Paragraph 35 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

36.     Paragraph 36 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

37.     Paragraph 37 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

38.     Proposed Intervenors admit the allegations in Paragraph 38.

39.     Proposed Intervenors admit that organizations affiliated with the Democratic Party have advocated that voting should be easy and accessible to all persons eligible to vote, and that

1  unconstitutional barriers to the right to vote should be eliminated, but Proposed Intervenors deny

2  the remaining allegations in Paragraph 39.

3       40.    Proposed Intervenors admit that the language quoted appeared in *Redlines*, but

4  Proposed Intervenors deny the remaining allegations in Paragraph 40.

5       41.    Proposed Intervenors deny the allegations in Paragraph 41.

6       42.    Proposed Intervenors admit that the language quoted appeared in the *Las Vegas*

7  *Review-Journal*, but Proposed Intervenors are without sufficient information or knowledge with

8  which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 42.

9       43.    Proposed Intervenors admit that the language quoted appeared in the *Las Vegas*

10  *Review-Journal*, but Proposed Intervenors are without sufficient information or knowledge with

11  which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43.

12       44.    Proposed Intervenors admit that the language quoted appeared in the *Las Vegas*

13  *Review-Journal*, but Proposed Intervenors are without sufficient information or knowledge with

14  which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44.

15       45.    Proposed Intervenors are without sufficient information or knowledge with which

16  to form a belief as to the truth or falsity of the allegations in Paragraph 45.

17       46.    Proposed Intervenors admit that the language quoted appeared in the *Las Vegas*

18  *Review-Journal*, but Proposed Intervenors are without sufficient information or knowledge with

19  which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 46.

20       47.    Proposed Intervenors admit that the language quoted appeared in *InsiderNJ*, but

21  Proposed Intervenors are without sufficient information or knowledge with which to form a belief

22  as to the truth or falsity of the remaining allegations in Paragraph 47.

23       48.    Proposed Intervenors are without sufficient information or knowledge with which

24  to form a belief as to the truth or falsity of the allegations in Paragraph 48.

25       49.    Proposed Intervenors are without sufficient information or knowledge with which

26  to form a belief as to the truth or falsity of the allegations in Paragraph 49.

27       50.    Proposed Intervenors are without sufficient information or knowledge with which

28

1   to form a belief as to the truth or falsity of the allegations in Paragraph 50.

2        51.     Proposed Intervenors admit that the language quoted appeared in the *New Jersey*

3   *Globe*, but Proposed Intervenors are without sufficient information or knowledge with which to

4   form a belief as to the truth or falsity of the remaining allegations in Paragraph 51.

5        52.     Proposed Intervenors admit that the language quoted appeared in *InsiderNJ*, but

6   Proposed Intervenors are without sufficient information or knowledge with which to form a belief

7   as to the truth or falsity of the remaining allegations in Paragraph 52.

8        53.     Proposed Intervenors deny the allegations in Paragraph 53.

9        54.     Proposed Intervenors admit that in 2019, California election officials settled a 2017

10   lawsuit filed by Judicial Watch in which Judicial Watch alleged that Los Angeles County and the

11   State of California were failing to meet federal requirements and ensure that inactive registrations

12   were removed from records, but Proposed Intervenors deny the remaining allegations in Paragraph

13   54.

14        55.     Proposed Intervenors are without sufficient information or knowledge with which

15   to form a belief as to the truth or falsity of the allegations in Paragraph 55.

16        56.     Paragraph 56 contains mere characterizations, legal contentions, and conclusions

17   to which no response is required. To the extent a response is required, Proposed Intervenors deny

18   the allegations.

19        57.     Proposed Intervenors are without sufficient information or knowledge with which

20   to form a belief as to the truth or falsity of the allegations in Paragraph 57.

21        58.     Proposed Intervenors are without sufficient information or knowledge with which

22   to form a belief as to the truth or falsity of the allegations in Paragraph 58.

23        59.     Proposed Intervenors are without sufficient information or knowledge with which

24   to form a belief as to the truth or falsity of the allegations in Paragraph 59.

25        60.     Proposed Intervenors are without sufficient information or knowledge with which

26   to form a belief as to the truth or falsity of the allegations in Paragraph 60.

27        61.     Proposed Intervenors are without sufficient information or knowledge with which

28

to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62. Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 62.

63. Paragraph 63 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

64. Proposed Intervenors deny the allegations in Paragraph 64.

65. Proposed Intervenors admit that the language quoted appeared in a press release issued on the date stated by the Los Angeles County District Attorney's Office, but Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 65.

66. Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 66.

67. Paragraph 67 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

68. Paragraph 68 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

69. Paragraph 69 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

70. Paragraph 70 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

71. Paragraph 71 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny

1 | the allegations.

2 |     72.    Paragraph 72 contains mere characterizations, legal contentions, and conclusions
3 | to which no response is required. To the extent a response is required, Proposed Intervenors deny
4 | the allegations.

5 |     73.    Paragraph 73 contains mere characterizations, legal contentions, and conclusions
6 | to which no response is required. To the extent a response is required, Proposed Intervenors deny
7 | the allegations.

8 |     74.    Paragraph 74 contains mere characterizations, legal contentions, and conclusions
9 | to which no response is required. To the extent a response is required, Proposed Intervenors deny
10 | the allegations.

11 |     75.    Paragraph 75 contains mere characterizations, legal contentions, and conclusions
12 | to which no response is required.

13 |     76.    Paragraph 76 contains mere characterizations, legal contentions, and conclusions
14 | to which no response is required.

15 |     77.    Paragraph 77 contains mere characterizations, legal contentions, and conclusions
16 | to which no response is required. To the extent a response is required, Proposed Intervenors deny
17 | the allegations.

18 |     78.    Paragraph 78 contains mere characterizations, legal contentions, and conclusions
19 | to which no response is required. To the extent a response is required, Proposed Intervenors deny
20 | the allegations.

21 |     79.    Proposed Intervenors admit the allegations in Paragraph 79.

22 |     80.    Paragraph 80 contains mere characterizations, legal contentions, and conclusions
23 | to which no response is required. Governor Newsom's Executive Order N-33-20, better known as
24 | the "Stay-at-Home Order," is the best source of the full content and context of the Governor's
25 | Executive Order. To the extent Paragraph 80 does not contain the full content and context of the
26 | Stay-at Home Order, Proposed Intervenors deny the allegations.

27 |     81.    Paragraph 81 contains mere characterizations, legal contentions, and conclusions

28

1   to which no response is required. Governor Newsom's April 14, 2020 "Roadmap to Modify the

2   Stay-at Home Order" (the "Roadmap") is the best source of the full content and context of

3   California's Roadmap. To the extent Paragraph 81 does not contain the full content and context of

4   the Roadmap, Proposed Intervenors deny the allegations.

5       82.     Paragraph 82 contains mere characterizations, legal contentions, and conclusions

6   to which no response is required. Governor Newsom's April 28, 2020 "Update on California's

7   Pandemic Roadmap" (the "April 28 Update") is the best source of the full content and context of

8   California's updates to the Roadmap. To the extent Paragraph 82 does not contain the full content

9   and context of the April 28 Update, Proposed Intervenors deny the allegations.

10      83.     Paragraph 83 contains mere characterizations, legal contentions, and conclusions

11  to which no response is required. The April 28 Update is the best source of the full content and

12  context of California's updates to the Roadmap. To the extent Paragraph 83 does not contain the

13  full content and context of the April 28 Update, Proposed Intervenors deny the allegations.

14      84.     Paragraph 84 contains mere characterizations, legal contentions, and conclusions

15  to which no response is required. The April 28 Update is the best source of the full content and

16  context of California's updates to the Roadmap. To the extent Paragraph 84 does not contain the

17  full content and context of the April 28 Update, Proposed Intervenors deny the allegations.

18      85.     Paragraph 85 contains mere characterizations, legal contentions, and conclusions

19  to which no response is required. The April 28 Update is the best source of the full content and

20  context of California's updates to the Roadmap. To the extent Paragraph 85 does not contain the

21  full content and context of the April 28 Update, Proposed Intervenors deny the allegations.

22      86.     Paragraph 86 contains mere characterizations, legal contentions, and conclusions

23  to which no response is required. Governor Newsom's May 4, 2020 "Update on California's

24  Pandemic Roadmap" (the "May 4 Update") is the best source of the full content and context of

25  California's updates to the Roadmap. To the extent Paragraph 85 does not contain the full content

26  and context of the May 4 Update, Proposed Intervenors deny the allegations.

27      87.     Proposed Intervenors admit the allegations in Paragraph 87.

28

88.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 88.

89.     Proposed Intervenors admit that on May 8, 2020, Governor Newsom stated, "Phase 3 is not a year away. It's not 6 months away. It's not even three months away. It may not even be more than a month away."

90.     Paragraph 90 contains mere characterizations, legal contentions, and conclusions to which no response is required. Executive Order ("EO") N-64-20 is the best source of the full content and context of Governor Newsom's Executive Order. To the extent Paragraph 90 does not contain the full content and context of EO N-64-20, Proposed Intervenors deny the allegations.

91.     Paragraph 91 contains mere characterizations, legal contentions, and conclusions to which no response is required. EO N-64-20 is the best source of the full content and context of Governor Newsom's Executive Order. To the extent Paragraph 91 does not contain the full content and context of EO N-64-20, Proposed Intervenors deny the allegations.

92.     Paragraph 92 contains mere characterizations, legal contentions, and conclusions to which no response is required. EO N-64-20 is the best source of the full content and context of Governor Newsom's Executive Order. To the extent Paragraph 92 does not contain the full content and context of EO N-64-20, Proposed Intervenors deny the allegations.

93.     Paragraph 93 contains mere characterizations, legal contentions, and conclusions to which no response is required. EO N-64-20 is the best source of the full content and context of Governor Newsom's Executive Order. To the extent Paragraph 93 does not contain the full content and context of EO N-64-20, Proposed Intervenors deny the allegations.

94.     Paragraph 94 contains mere characterizations, legal contentions, and conclusions to which no response is required. EO N-64-20 is the best source of the full content and context of Governor Newsom's Executive Order. To the extent Paragraph 94 does not contain the full content and context of EO N-64-20, Proposed Intervenors deny the allegations.

95.     Proposed Intervenors admit that on May 18, 2020, Governor Newsom gave a news conference where he stated that professional sports, hair salons, and churches in California may

open as early as the first week of June. The remaining allegations in Paragraph 95 are mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

96.     Proposed Intervenors deny the allegations in Paragraph 96.

97.     Paragraph 97 contains mere characterizations, legal contentions, and conclusions to which no response is required.

98.     Paragraph 98 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

99.     Paragraph 99 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

100.    Paragraph 100 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

101.    Paragraph 101 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

102.    Paragraph 102 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

103.    Paragraph 103 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

104.    Paragraph 104 contains mere characterizations, legal contentions, and conclusions to which no response is required.

105.    Paragraph 105 contains mere characterizations, legal contentions, and conclusions

1  to which no response is required. To the extent a response is required, Proposed Intervenors deny
2  the allegations.

3      106.    Paragraph 106 contains mere characterizations, legal contentions, and conclusions
4  to which no response is required. To the extent a response is required, Proposed Intervenors deny
5  the allegations.

6      107.    Paragraph 107 contains mere characterizations, legal contentions, and conclusions
7  to which no response is required. To the extent a response is required, Proposed Intervenors deny
8  the allegations.

9      108.    Paragraph 108 contains mere characterizations, legal contentions, and conclusions
10  to which no response is required. To the extent a response is required, Proposed Intervenors deny
11  the allegations.

12      109.    Paragraph 109 contains mere characterizations, legal contentions, and conclusions
13  to which no response is required. To the extent a response is required, Proposed Intervenors deny
14  the allegations.

15      110.    Paragraph 110 contains mere characterizations, legal contentions, and conclusions
16  to which no response is required. To the extent a response is required, Proposed Intervenors deny
17  the allegations.

18      111.    Paragraph 111 contains mere characterizations, legal contentions, and conclusions
19  to which no response is required. To the extent a response is required, Proposed Intervenors deny
20  the allegations.

21      112.    Paragraph 112 contains mere characterizations, legal contentions, and conclusions
22  to which no response is required. To the extent a response is required, Proposed Intervenors deny
23  the allegations.

24      113.    Paragraph 113 contains mere characterizations, legal contentions, and conclusions
25  to which no response is required. To the extent a response is required, Proposed Intervenors deny
26  the allegations.

27      114.    Paragraph 114 contains mere characterizations, legal contentions, and conclusions

28

to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

115.    Paragraph 115 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

116.    Paragraph 116 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

117.    Paragraph 117 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

118.    Paragraph 118 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

119.    Paragraph 119 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

120.    Paragraph 120 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

121.    Paragraph 121 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

122.    Paragraph 122 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

123.    Proposed Intervenors admit that Wisconsin held in-person voting during the

1  pandemic, but Proposed Intervenors deny the remaining allegations in Paragraph 123.

2       124.     Paragraph 124 contains mere characterizations, legal contentions, and conclusions

3  to which no response is required. To the extent a response is required, Proposed Intervenors deny

4  the allegations.

5       125.     Paragraph 125 contains mere characterizations, legal contentions, and conclusions

6  to which no response is required. To the extent a response is required, Proposed Intervenors deny

7  the allegations.

8       126.     Paragraph 126 contains mere characterizations, legal contentions, and conclusions

9  to which no response is required. To the extent a response is required, Proposed Intervenors deny

10  the allegations.

11      127.     Paragraph 127 contains mere characterizations, legal contentions, and conclusions

12  to which no response is required. To the extent a response is required, Proposed Intervenors deny

13  the allegations.

14      128.     Paragraph 128 contains mere characterizations, legal contentions, and conclusions

15  to which no response is required. To the extent a response is required, Proposed Intervenors deny

16  the allegations.

17      129.     Paragraph 129 contains mere characterizations, legal contentions, and conclusions

18  to which no response is required.

19      130.     Paragraph 130 contains mere characterizations, legal contentions, and conclusions

20  to which no response is required.

21      131.     Paragraph 131 contains mere characterizations, legal contentions, and conclusions

22  to which no response is required.

23      132.     Paragraph 132 contains mere characterizations, legal contentions, and conclusions

24  to which no response is required. To the extent a response is required, Proposed Intervenors deny

25  the allegations.

26      133.     Paragraph 133 contains mere characterizations, legal contentions, and conclusions

27  to which no response is required. To the extent a response is required, Proposed Intervenors deny

28

1  the allegations.

2      134.    Paragraph 134 contains mere characterizations and conclusions to which no

3  response is required. To the extent a response is required, Proposed Intervenors deny the

4  allegations.

5      135.    Paragraph 135 contains mere characterizations and conclusions to which no

6  response is required. To the extent a response is required, Proposed Intervenors deny the

7  allegations.

8      136.    Paragraph 136 contains mere characterizations, legal contentions, and conclusions

9  to which no response is required. To the extent a response is required, Proposed Intervenors deny

10  the allegations.

11      137.    Paragraph 137 contains mere characterizations, legal contentions, and conclusions

12  to which no response is required.

13      138.    Paragraph 138 contains mere characterizations, legal contentions, and conclusions

14  to which no response is required. To the extent a response is required, Proposed Intervenors deny

15  the allegations.

16      139.    Paragraph 139 contains mere characterizations, legal contentions, and conclusions

17  to which no response is required. To the extent a response is required, Proposed Intervenors deny

18  the allegations.

19      140.    Paragraph 140 contains mere characterizations, legal contentions, and conclusions

20  to which no response is required. To the extent a response is required, Proposed Intervenors deny

21  the allegations.

22      141.    Paragraph 141 contains mere characterizations, legal contentions, and conclusions

23  to which no response is required. To the extent a response is required, Proposed Intervenors deny

24  the allegations.

25      142.    Proposed Intervenors admit that the Los Angeles County Registrar opened a new

26  voting center during the special election held in California's 25th District earlier this month, but

27  Proposed Intervenors deny the remaining allegations in Paragraph 142.

28

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF—PAGE 16

1

**<u>COUNT I</u>**

2  143.   Proposed Intervenors incorporate by reference all of their responses in the

3  preceding and ensuing paragraphs as if fully set forth herein.

4  144.   Paragraph 144 contains mere characterizations, legal contentions, and conclusions

5  to which no response is required.

6  145.   Paragraph 145 contains mere characterizations, legal contentions, and conclusions

7  to which no response is required.

8  146.   Paragraph 146 contains mere characterizations, legal contentions, and conclusions

9  to which no response is required. To the extent a response is required, Proposed Intervenors deny

10  the allegations.

11  147.   Paragraph 147 contains mere characterizations, legal contentions, and conclusions

12  to which no response is required. To the extent a response is required, Proposed Intervenors deny

13  the allegations.

14  148.   Paragraph 148 contains mere characterizations, legal contentions, and conclusions

15  to which no response is required. To the extent a response is required, Proposed Intervenors deny

16  the allegations.

17  149.   Paragraph 149 contains mere characterizations, legal contentions, and conclusions

18  to which no response is required. To the extent a response is required, Proposed Intervenors deny

19  the allegations.

20  150.   Paragraph 150 contains mere characterizations, legal contentions, and conclusions

21  to which no response is required. To the extent a response is required, Proposed Intervenors deny

22  the allegations.

23

**<u>COUNT II</u>**

24  151.   Proposed Intervenors incorporate by reference all of their responses in the

25  preceding and ensuing paragraphs as if fully set forth herein.

26  152.   Paragraph 152 contains mere characterizations, legal contentions, and conclusions

27  to which no response is required. To the extent a response is required, Proposed Intervenors deny

28

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF—PAGE 17

1  the allegations.

2      153.    Paragraph 153 contains mere characterizations, legal contentions, and conclusions

3  to which no response is required.

4      154.    Paragraph 154 contains mere characterizations, legal contentions, and conclusions

5  to which no response is required. To the extent a response is required, Proposed Intervenors deny

6  the allegations.

7      155.    Paragraph 155 contains mere characterizations, legal contentions, and conclusions

8  to which no response is required. To the extent a response is required, Proposed Intervenors deny

9  the allegations.

10     156.    Paragraph 156 contains mere characterizations, legal contentions, and conclusions

11 to which no response is required. To the extent a response is required, Proposed Intervenors deny

12 the allegations.

13     157.    Paragraph 157 contains mere characterizations, legal contentions, and conclusions

14 to which no response is required. To the extent a response is required, Proposed Intervenors deny

15 the allegations.

16     158.    Paragraph 158 contains mere characterizations, legal contentions, and conclusions

17 to which no response is required. To the extent a response is required, Proposed Intervenors deny

18 the allegations.

19                          **<u>COUNT III</u>**

20     159.    Proposed Intervenors incorporate by reference all of their responses in the

21 preceding and ensuing paragraphs as if fully set forth herein.

22     160.    Paragraph 160 contains mere characterizations, legal contentions, and conclusions

23 to which no response is required. To the extent a response is required, Proposed Intervenors deny

24 the allegations.

25     161.    Paragraph 161 contains mere characterizations, legal contentions, and conclusions

26 to which no response is required. To the extent a response is required, Proposed Intervenors deny

27 the allegations.

28

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF—PAGE 18

162.     Paragraph 162 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

163.     Paragraph 163 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

164.     Paragraph 164 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## <u>COUNT IV</u>

165.     Proposed Intervenors incorporate by reference all of their responses in the preceding and ensuing paragraphs as if fully set forth herein.

166.     Paragraph 166 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

167.     Paragraph 167 also contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

168.     Paragraph 168 also contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

169.     Paragraph 169 also contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

170.     Paragraph 170 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

1

## **AFFIRMATIVE DEFENSES**

Proposed Intervenors set forth their affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated here is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Complaint. Proposed Intervenors reserve the right to amend or supplement their affirmative defenses as additional facts concerning defenses become known.

As separate and distinct affirmative defenses, Proposed Intervenors allege as follows:

Plaintiffs' claims are barred by the Eleventh Amendment sovereign immunity.

Plaintiffs fail to state a claim on which relief can be granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Proposed Intervenors respectfully requests that this Court:

A.      Deny that Plaintiffs are entitled to any relief;

B.      Dismiss the complaint in its entirety, with prejudice; and

C.      Grant such other and further relief as the Court may deem just and proper

DATED this 3rd day of June, 2020

By: *s/Jonathan P. Hawley*
Jonathan P. Hawley, Esq.
Abha Khanna, Esq.*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099

Marc E. Elias, Esq.*
Henry J. Brewster, Esq.*
Courtney A. Elgart, Esq.*
**PERKINS COIE LLP**
700 Thirteenth St. NW, Suite 800
Washington, D.C. 20005-3960

*Attorneys for Proposed Intervenor-Defendants*
*DCCC and California Democratic Party*

*Pro hac vice applications forthcoming