UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ISSA, JAMES B. OERDING, JERRY GRIFFIN, MICHELLE BOLOTIN, and MICHAEL SIENKIEWICZ,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California, and ALEX PADILLA, in his official capacity as Secretary of State of California,<br><br>Defendants. | No. 2:20-cv-01044-MCE-CKD<br>*(and related case)*<br>No. 2:20-cv-01055-MCE-CKD<br><br><br>**MEMORANDUM AND ORDER** |
| REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and CALIFORNIA REPUBLICAN PARTY,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California; and ALEX PADILLA, in his official capacity as California Secretary of State,<br><br>Defendants. | |

1

On May 8, 2020, California Governor Gavin Newsom issued Executive Order N-64-20, which requires all California counties to implement all-mail ballot elections for the November 3, 2020, federal elections ("Executive Order"). By way of the above-captioned related actions, two sets of Plaintiffs seek to enjoin enforcement of that Executive Order by Defendants, Governor Newsom and California's Secretary of State Alex Padilla:  (1) the Republican National Committee, the National Republican Congressional Committee, and the California Republican Party (collectively, "RNC Plaintiffs"); and (2) one congressional candidate and four individual California voters, including members of the Republican, Democratic, and Independent Parties (collectively, "Issa Plaintiffs").

The Democratic Congressional Campaign Committee and the Democratic Party of California (collectively, "Proposed Intervenors") now move to intervene as defendant-intervenors in both cases as a matter of right under Federal Rule of Civil Procedure 24(a)(2).[1,2]  Alternatively, the Proposed Intervenors seek permissive intervention under Rule 24(b). The RNC Plaintiffs do not oppose the Proposed Intervenors' request, but the Issa Plaintiffs have filed an opposition. Defendants have not responded, and the Proposed Intervenors have filed Reply briefs. For the reasons set forth below, the Proposed Intervenors' Motions to Intervene are GRANTED.[3]

///
///
///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] See Mot. Intervene, Case No. 2:20-cv-01044-MCE-CKD, ECF No. 12, and Mot. Intervene, Case No. 2:20-cv-01055-MCE-CKD, ECF No. 18.

[3] The Court granted the Proposed Intervenors' Requests for Expedited Briefing Schedule on the present Motions. See Stip. and Order, Case No. 20-cv-01044-MCE-CKD, ECF No. 14, and Stip. and Order, No. 20-cv-01055-MCE-CKD, ECF No. 20. Due to the expedited briefing schedule and because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. See E.D. Local Rule 230(g).

# STANDARD

An intervenor as a matter of right must meet all requirements of Rule 24(a)(2) by showing:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.
>
> In evaluating whether these requirements are met, courts are guided primarily by practical and equitable considerations. Further, courts generally construe [the Rule] broadly in favor of proposed intervenors. A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.

United States v. City of Los Angeles, 288 F.3d 391, 397–98 (9th Cir. 2002) (citations and internal quotation marks omitted).

Alternatively, under Rule 24(b)(1), a party may be given permission by the court to intervene if that party shows "(1) independent grounds for jurisdiction; (2) the motion is timely filed; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996).

# ANALYSIS

**A.    Timeliness of Application**

Three factors must be evaluated to determine whether a motion to intervene is timely:

> (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. Delay is measured from the date

3

> the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation.

United States v. State of Wash., 86 F.3d 1499, 1503 (9th Cir. 1996).  "Timeliness is to be determined from all the circumstances" in the court's "sound discretion."  NAACP v. New York, 413 U.S. 345, 366 (1973).

The Issa Plaintiffs do not dispute the timeliness of the Proposed Intervenors' request.  Both the Issa and RNC Plaintiffs filed their Complaints on May 21 and 24, 2020, respectively, and the Proposed Intervenors filed the Motions to Intervene on June 3, 2020.  To date, no substantive proceedings have occurred, and this Court has ordered all Plaintiffs to file any motions for preliminary injunction by June 11, 2020.  The Court thus finds the Motions to Intervene are timely.

**B.  Significant Protectable Interest and Disposition May Impair or Impede Ability to Protect Interest**

A proposed intervenor has a "'significant protectable interest' in [the] action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims."  City of Los Angeles, 288 F.3d at 398 (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)).  "The 'interest' test is not a clear-cut or bright-line rule, because '[n]o specific legal or equitable interest need be established.'"  Id. (quoting Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993)).  Under the interest test, courts are required "to make a practical, threshold inquiry" to discern whether allowing intervention would be "compatible with efficiency and due process."  Id. (citations and internal quotation marks omitted).

An applicant may satisfy the requirement of a "significant protectable interest" if the resolution of the plaintiff's claims will affect the applicant for intervention.  Montana v. United States Envt'l Prot. Agency, 137 F.3d 1135, 1141–42 (9th Cir. 1998).  The requisite interest need not even be direct as long as it may be impaired by the outcome of the litigation.  Cascade Nat'l Gas Corp. v. El Paso Nat'l Gas Co., 386 U.S. 129, 135–36 (1967).  "If an absentee would be substantially affected in a practical sense by the

determination made in an action, he should, as a general rule, be entitled to intervene."
Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 822 (9th Cir. 2001) (quoting
Fed. R. Civ. P. 24 advisory committee's notes).

The Proposed Intervenors cite three protectable interests as the basis for their intervention:  (1) asserting the rights of their members to vote safely without risking their health; (2) advancing their overall electoral prospects; and (3) diverting their limited resources to educate their members on the election procedures.  Contrary to the arguments of the Issa Plaintiffs, such interests are routinely found to constitute significant protectable interests.  As another federal district court recently held,

> Proposed Intervenors argue that Plaintiffs' success on their claims would disrupt the organizational intervenors' efforts to promote the franchise and ensure the election of Democratic Party candidates . . . .  Proposed Intervenors have sufficiently shown that they maintain significant protectable interests which would be impaired by Plaintiffs' challenge to the Plan's all-mail election provisions.

Paher v. Cegavske, Case No. 3:20-cv-00243-MMD-WGC, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020).  Furthermore, if both the Issa and RNC Plaintiffs were to succeed on their claims, then the Proposed Intervenors would have to devote their limited resources to educating their members on California's current voting-by-mail system and assisting those members with the preparation of applications to vote by mail. See Crawford v. Marion Cty. Elec. Bd., 472 F.3d 949, 951 (7th Cir. 2007).  Finally, as the Proposed Intervenors point out, their interests are very similar to those of the Issa Plaintiffs.  See Proposed Intervenors' Reply, Case No. 2:20-cv-01044-MCE-CKD, ECF No. 23, at 3 n.3.  Therefore, the Court concludes that significant protectable interests have been demonstrated.

### C.   No Existing Adequate Representation

When determining whether a proposed intervenor's interests are adequately represented, the following factors are considered:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such

          arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that such other parties would neglect.

City of Los Angeles, 288 F.3d at 398 (citations omitted).  The burden of showing that existing parties may inadequately represent the proposed intervenor's interests is a minimal one.  The applicant need only show that "the representation of [its] interest 'may be' inadequate."  Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 (1972).  Any doubt as to whether the existing parties will adequately represent the intervenor should be resolved in favor of intervention.  Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993).

      Although Defendants and the Proposed Intervenors fall on the same side of the dispute, Defendants' interests in the implementation of the Executive Order differ from those of the Proposed Intervenors.  While Defendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws, the Proposed Intervenors are concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures.  See Citizens for Balanced Use v. Mont. Wilderness Ass'n, 647 F.3d 893, 899 (9th Cir. 2011) ("[T]he government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because both entities occupy the same posture in the litigation.") (citations and internal quotation marks omitted).  As a result, the parties' interests are neither "identical" nor "the same."  See Berg, 268 F.3d at 823 (rebutting presumption of adequacy by showing the parties "do not have sufficiently congruent interests").  The Court thus finds that absent intervention, the interests of the Proposed Intervenors may not be adequately represented.

///

///

///

In sum, because all of the factors have been met, the Court finds the Proposed Intervenors are entitled to intervene as a matter of right under Rule 24(a)(2).[4]

**CONCLUSION**

For the reasons set forth above, the Proposed Intervenors' Motions to Intervene are GRANTED. The deadline for the Proposed Intervenors to answer or otherwise respond to the Complaints shall be the same as the deadline, or any continued deadline, set for Defendants to answer or otherwise respond.

IT IS SO ORDERED.

Dated: June 10, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds intervention is appropriate under Rule 24(a)(2), it need not consider whether intervention is alternatively appropriate under Rule 24(b).