MARK D. ROSENBAUM (CA Bar No. 59940)
mrosenbaum@publiccounsel.org
KATHRYN EIDMANN (CA Bar No. 268053)
keidmann@publiccounsel.org
JESSELYN FRILEY (CA Bar No. 319198)
jfriley@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, California 90005
Telephone:    (213) 385-2977
Facsimile:    (213) 385-9089

JOHN LIBBY (CA BAR NO. 128207)
JLibby@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.312.4000
Facsimile:  310.312.4224

JON GREENBAUM (CA Bar No. 166733)
jgreenbaum@lawyerscommittee.org
EZRA ROSENBERG (D.C Bar No. 360927)
*Pro Hac Vice* Application Pending
erosenberg@lawyerscommittee.org
POOJA CHAUDHURI (CA Bar No. 314847)
pchaudhuri@lawyerscommittee.org
BRADLEY S. PHILLIPS (CA Bar No. 85263)
bphillips@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
1500 K Street NW
Washington, DC 20005
Telephone:    (202) 662-8600
Facsimile:    (202) 783-0857

CHRISTOPHER L. WANGER (CA Bar No. 164751)
CWanger@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California  94111
Telephone:  (415) 291-7400
Facsimile:   (415) 291-7474

Attorneys for Intervenor-Defendants,
CALIFORNIA COMMON CAUSE,  LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and CALIFORNIA REPUBLICAN PARTY<br><br>Plaintiffs,<br><br>vs.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California; and ALEX PADILLA, in his official capacity as California Secretary of State,<br><br>Defendants. | Case No. 2:20-cv-01055-MCE-CKD<br><br>**ANSWER OF INTERVENOR-DEFENDANTS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Intervenor-Defendants, CALIFORNIA COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION (collectively, "Intervenor-Defendants"), by and through the undersigned counsel, file this Answer to the Complaint for Declaratory and Injunctive Relief filed by Plaintiffs, the Republican National Committee, National Republican Congressional Committee, and California Republican Party, and allege as follows:

**INTRODUCTION**

1. Intervenor-Defendants submit that paragraph 1 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

2. Intervenor-Defendants submit that paragraph 2 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those. Intervenor-Defendants further allege that the Governor's Order is authorized by state law, constitutional, and valid.

3. Intervenor-Defendants submit that paragraph 3 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

4. Intervenor-Defendants submit that paragraph 4 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those. Intervenor-Defendants specifically deny that the Governor reserved for himself the sole discretion to choose if and where in-person voting will occur.

5. Intervenor-Defendants submit that paragraph 5 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

**JURISDICTION AND VENUE**

6. Defendant-Intervenors admit that Plaintiffs' claims arise under the Constitution and laws of the United States for purposes of 28 USC 1331. Defendant-Intervenors submit that

any remaining allegations of paragraph 6 consist of legal conclusions to which no response is required.

7. Intervenor-Defendants admit that venue is proper in this District.

## PARTIES

8. Intervenor-Defendants admit the allegations of paragraph 8.

9. Intervenor-Defendants admit the allegations of paragraph 9.

10. Intervenor-Defendants lack sufficient information and belief to form a conclusion about the truth of the allegations of paragraph 10 and, on that basis, deny them.

11. Intervenor-Defendants admit the allegations of paragraph 11, except that they lack sufficient information and belief about, and on that basis deny, the allegations concerning the contents of the Cook Political Report.

12. Intervenor-Defendants admit that the RNC has an interest in protecting eligible citizens' right to vote. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations about the RNC's motivation in bringing this action. Intervenor-Defendants deny the remaining allegations of paragraph 12 and specifically deny that the RNC has standing to bring this action.

13. Intervenor-Defendants deny the allegations of paragraph 13.

14. Intervenor-Defendants admit the allegations of paragraph 14.

15. Intervenor-Defendants admit that the NRCC supports the election of Republicans to the House of Representatives. Intervenor-Defendants lack sufficient information and belief about, and no that basis deny, the remaining allegations of paragraph 15.

16. Intervenor-Defendants lack sufficient information and belief, and on that basis deny, the allegations of paragraph 16.

17. Intervenor-Defendants admit the allegations of paragraph 17, except that Intervenor-Defendants allege that the CAGOP Bylaws speak for themselves.

18. Intervenor-Defendants lack sufficient information and belief, and on that basis deny, the allegations of paragraph 18.

19. Intervenor-Defendants lack sufficient information and belief, and on that basis deny, the allegations of paragraph 19.

20. Intervenor-Defendants admit the allegations of paragraph 20.

21. Intervenor-Defendants admit the allegations of paragraph 21.

## BACKGROUND

22. Intervenor-Defendants deny the allegations of paragraph 22.

23. Intervenor-Defendants allege that the sources cited in paragraph 23 speak for themselves. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 23.

24. Intervenor-Defendants allege that the source cited in paragraph 24 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 24.

25. Intervenor-Defendants allege that the source cited in paragraph 25 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 25.

26. Intervenor-Defendants allege that the sources cited in paragraph 26 speak for themselves. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 26.

27. Intervenor-Defendants allege that the sources cited in paragraph 27 speak for themselves. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 27.

28. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 28.

29. Intervenor-Defendants allege that the source cited in paragraph 29 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 29.

30. Intervenor-Defendants deny the allegations of paragraph 30.

31. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 31.

32. Intervenor-Defendants allege that the source cited in paragraph 32 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 32.

33. Intervenor-Defendants allege that the source cited in paragraph 33 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 33.

34. Intervenor-Defendants admit that vote-by-mail is a legitimate feature of a state's election process when coupled with adequate procedural safeguards to deter fraud. Except as so admitted, Intervenor-Defendants deny the remaining allegations of paragraph 34. Intervenor-Defendants further allege that vote-by-mail in California is coupled with adequate procedural safeguards.

35. Intervenor-Defendants deny that "active voters" are properly defined as voters who have voted recently and election officials have no reason to think have moved. Intervenor-Defendants submit that the remaining allegations of paragraph 35 consist of legal conclusions to which no response is required. To the extent any additional facts are alleged, Intervenor-Defendants deny those.

36. Intervenor-Defendants submit that paragraph 36 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

37. Intervenor-Defendants submit that paragraph 37 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

38. Intervenor-Defendants admit that, in light of the COVID-19 public-health emergency, some states have expanded vote-by-mail for 2020 elections. Except as so admitted, Intervenor-Defendants submit that paragraph 38 consists of legal conclusions to which no response is required. To the extent any additional facts are alleged, Intervenor-Defendants deny those.

39. Intervenor-Defendants admit that Democrats have sought, by various means, to expand vote-by-mail in the 2020 elections in order to protect the fundamental right to vote of all U.S. citizens. Except as so admitted, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the remaining allegations of paragraph 39.

40. Intervenor-Defendants allege that the source cited in paragraph 40 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 40, and

specifically allege that the Governor's Order does not throw out longstanding safeguards that protect the integrity of elections.

41. Intervenor-Defendants deny the allegations of paragraph 41.

42. Intervenor-Defendants admit that Clark County, Nevada, is administering an all-mail primary in 2020. Intervenor-Defendants allege that the source cited in paragraph 42 speaks for itself. Except as so admitted and alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 42.

43. Intervenor-Defendants allege that the unidentified source cited in paragraph 43 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 43.

44. Intervenor-Defendants allege that the unidentified source quoted in paragraph 44 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 44.

45. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 45.

46. Intervenor-Defendants allege that the unidentified source quoted in paragraph 46 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 46.

47. Intervenor-Defendants allege that the unidentified source quoted in paragraph 47 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 47.

48. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 48.

49. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 49.

50. Intervenor-Defendants allege that the unidentified source quoted in paragraph 50 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 50.

51. Intervenor-Defendants allege that the unidentified source quoted in paragraph 51 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 51.

52. Intervenor-Defendants allege that the unidentified source quoted in paragraph 52 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 52.

53. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 53.

54. Intervenor-Defendants allege that the source quoted in paragraph 54 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 54.

55. Intervenor-Defendants allege that the source quoted in paragraph 55 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 55.

56. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 56.

57. Intervenor-Defendants allege that the source quoted in paragraph 57 speaks for itself. Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 57.

58. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 58.

59. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 59.

60. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 60.

61. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 61.

62. Intervenor-Defendants allege that the unidentified source quoted in paragraph 62 speaks for itself.  Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 62.

63. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 63.

64. Intervenor-Defendants allege that the unidentified source quoted in paragraph 64 speaks for itself.  Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 64.

65. Intervenor-Defendants allege that the source quoted in paragraph 65 speaks for itself.  Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 65.

66. Intervenor-Defendants allege that the unidentified source quoted in paragraph 66 speaks for itself.  Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 66.

67. Intervenor-Defendants deny that California's registration rolls or lack of oversight and due diligence present enormous risks of voter fraud and general-election illegitimacy. Intervenor-Defendants further deny that mailing vote-by-mail ballots to registered California voters would undermine the integrity of the electoral process or create a substantial risk of ballots being given away, sold, traded, collected by activists, or stolen from trashcans or mailboxes. Intervenor-Defendants allege that the source quoted in paragraph 67 speaks for itself.  Except as so denied and alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 67.

68. Intervenor-Defendants submit that the first two sentences of paragraph 68 consist of legal conclusions to which no response is required.  Intervenor-Defendants allege that the unidentified source quoted in paragraph 68 speaks for itself.  Except as so alleged, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 68.

69. Intervenor-Defendants deny the allegations of paragraph 69.

70.     Intervenor-Defendants submit that paragraph 70 consists of legal conclusions to which no response is required. Intervenor-Defendants admit that the Governor's Order is the first time California has chosen to send vote-by-mail ballots to all registered voters in the state.

71.     Intervenor-Defendants submit that paragraph 71 consists of legal conclusions to which no response is required and that California law speaks for itself. To the extent any facts are alleged, Intervenor-Defendants deny those.

72.     Intervenor-Defendants submit that paragraph 72 consists of legal conclusions to which no response is required and that California law speaks for itself. To the extent any facts are alleged, Intervenor-Defendants deny those.

73.     Intervenor-Defendants admit that one purpose of the vote-by-mail application process is to verify the identity of the voter and ensure that voter receives the ballot. Except as so admitted, Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 73.

74.     Intervenor-Defendants submit that paragraph 74 consists of legal conclusions to which no response is required and that California law speaks for itself. To the extent any facts are alleged, Intervenor-Defendants deny those.

75.     Intervenor-Defendants submit that paragraph 75 consists of legal conclusions to which no response is required and that California law speaks for itself. To the extent any facts are alleged, Intervenor-Defendants deny those.

76.     Intervenor-Defendants submit that paragraph 76 consists of legal conclusions to which no response is required and that California law speaks for itself. To the extent any facts are alleged, Intervenor-Defendants deny those.

77.     Intervenor-Defendants submit that paragraph 77 consists of legal conclusions to which no response is required and that California law speaks for itself. To the extent any facts are alleged, Intervenor-Defendants deny those.

78.     Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegation that restrictions on all-mail elections deter fraud and abuse. Intervenor-Defendants submit that the remainder of paragraph 78 consists of legal conclusions to which no

1  response is required and that California law speaks for itself.  To the extent any additional facts
2  are alleged, Intervenor-Defendants deny those.

3        79.     Intervenor-Defendants admit the allegations of paragraph 79.

4        80.     Intervenor-Defendants admit that, on March 19, 2020, Governor Newsom issued
5  Executive Order N-33-20 and allege that such order speaks for itself.  Except as so admitted and
6  alleged, Intervenor-Defendants deny the allegations of paragraph 80.

7        81.     Intervenor-Defendants admit that, on April 14, 2020, Governor Newsom issued a
8  "Roadmap to Modify the Stay-at-Home Order" and an accompanying press release and allege that
9  such documents speak for themselves.  Except as so admitted and alleged, Intervenor-Defendants
10  deny the allegations of paragraph 81.

11        82.     Intervenor-Defendants admit that, on April 28, 2020, Governor Newsom released
12  an Update on California's Pandemic Roadmap and allege that such Update speaks for itself.
13  Except as so admitted and alleged, Intervenor-Defendants deny the allegations of paragraph 82.

14        83.     Intervenor-Defendants submit that the Update speaks for itself.  Except as so
15  alleged, Intervenor-Defendants deny the allegations of paragraph 83.

16        84.     Intervenor-Defendants submit that the Update speaks for itself.  Except as so
17  alleged, Intervenor-Defendants deny the allegations of paragraph 84.

18        85.     Intervenor-Defendants submit that the Update speaks for itself.  Except as so
19  alleged, Intervenor-Defendants deny the allegations of paragraph 85.

20        86.     Intervenor-Defendants admit that, on May 4, 2020, Governor Newsom issued an
21  Update on California's Pandemic Roadmap and allege that such Update speaks for itself.  Except
22  as so alleged, Intervenor-Defendants deny the allegations of paragraph 86.

23        87.     Intervenor-Defendants admit that it was reported that, on May 7, 2020, Dr. Ghaly
24  said that data showing stable hospitalization rates gave authorities confidence to move into the
25  first stage of reopening.  Except as so admitted, Intervenor-Defendants deny the allegations of
26  paragraph 87.

88.     Intervenor-Defendants admit that, no May 8, 2020, the state moved to Phase 2. Intervenor-Defendants submit that the unidentified source quoted in paragraph 88 speaks for itself.  Intervenor-Defendants deny any remaining allegations of paragraph 88.

89.     Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 89.  Intervenor-Defendants further allege that the Governor's statements speak for themselves.

90.     Intervenor-Defendants admit that, on May 8, 2020, Governor Newsom issued Executive Order No. N-64-20, which speaks for itself.  Except as so admitted, Intervenor-Defendants deny the allegations of paragraph 90.

91.     Intervenor-Defendants submit that Executive Order No. N-64-20 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 91.

92.     Intervenor-Defendants submit that Executive Order No. N-64-20 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 92.

93.     Intervenor-Defendants submit that Executive Order No. N-64-20 speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 93 and specifically deny that the Order claims for Governor Newsom the discretionary power to decide whether and how in-person voting will be made available for the November election or how other details of the November election will be implemented.

94.     Intervenor-Defendants deny the allegations of paragraph 94.

95.     Intervenor-Defendants deny the allegations of paragraph 95.

96.     Intervenor-Defendants deny the allegations of paragraph 96.

97.     Intervenor-Defendants submit that paragraph 97 consists of legal conclusions to which no response is required.  To the extent any facts are alleged, Intervenor-Defendants deny those.

98.     Intervenor-Defendants submit that paragraph 98 consists of legal conclusions to which no response is required.  To the extent any facts are alleged, Intervenor-Defendants deny those.

99. Intervenor-Defendants submit that paragraph 99 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

100. Intervenor-Defendants submit that paragraph 100 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

101. Intervenor-Defendants submit that paragraph 101 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

102. Intervenor-Defendants submit that paragraph 102 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

103. Intervenor-Defendants submit that paragraph 103 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

104. Intervenor-Defendants deny the allegations of paragraph 104.

105. Intervenor-Defendants submit that paragraph 105 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

106. Intervenor-Defendants submit that paragraph 106 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

107. Intervenor-Defendants submit that paragraph 107 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

108. Intervenor-Defendants submit that paragraph 108 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

109. Intervenor-Defendants submit that paragraph 109 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

110. Intervenor-Defendants submit that paragraph 110 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

111. Intervenor-Defendants submit that paragraph 111 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

112. Intervenor-Defendants submit that paragraph 112 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

113. Intervenor-Defendants submit that paragraph 113 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

114. Intervenor-Defendants submit that paragraph 114 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

115. Intervenor-Defendants submit that paragraph 115 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

116. Intervenor-Defendants submit that paragraph 116 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

117. Intervenor-Defendants admit that the State of California is engaged in an ongoing process of determining the appropriate public-health response to COVID-19. Except as so admitted, Intervenor-Defendants deny the allegations of paragraph 117 and specifically deny that

the Governor's decisions establish that California will not still be under a state of emergency on November 3, 2020.

118. Intervenor-Defendants deny the allegations of paragraph 118.

119. Intervenor-Defendants submit that paragraph 119 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

120. Intervenor-Defendants submit that paragraph 120 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

121. Intervenor-Defendants submit that paragraph 121 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

122. Intervenor-Defendants allege that the Executive Order speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 122.

123. Intervenor-Defendants lack sufficient information and belief about, and on that basis deny, the allegations of paragraph 123. Intervenor-Defendants allege that the unidentified source quoted in paragraph 123 speaks for itself.

124. Intervenor-Defendants submit that paragraph 124 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

125. Intervenor-Defendants submit that paragraph 125 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

126. Intervenor-Defendants submit that paragraph 126 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

127. Intervenor-Defendants submit that paragraph 127 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

128. Intervenor-Defendants submit that paragraph 128 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those. Intervenor-Defendants further allege that the Governor's Executive Order was authorized by California law and constitutional.

129. Intervenor-Defendants submit that paragraph 129 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

130. Intervenor-Defendants submit that paragraph 130 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

131. Intervenor-Defendants submit that paragraph 131 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

132. Intervenor-Defendants submit that paragraph 132 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

133. Intervenor-Defendants submit that paragraph 134 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those. Intervenor-Defendants specifically deny that automatically sending ballots to all registered voters makes fraud and other forms of illegal voting inevitable.

134. Intervenor-Defendants deny the allegations of paragraph 134.

135. Intervenor-Defendants deny the allegations of paragraph 135.

136. Intervenor-Defendants deny the allegations of paragraph 136.

1   137.   Intervenor-Defendants submit that paragraph 137 consists of legal conclusions to which no response is required.  To the extent any facts are alleged, Intervenor-Defendants deny those.

2   138.   Intervenor-Defendants submit that paragraph 138 consists of legal conclusions to which no response is required.  To the extent any facts are alleged, Intervenor-Defendants deny those.

3   139.   Intervenor-Defendants submit that paragraph 139 consists of legal conclusions to which no response is required.  To the extent any facts are alleged, Intervenor-Defendants deny those.

140.   Intervenor-Defendants deny the allegations of paragraph 140.

141.   Intervenor-Defendants deny the allegations of paragraph 141.

142.   Intervenor-Defendants deny the allegations of paragraph 142.

## CAUSE OF ACTION

## COUNT I

### Violation of the Elections Clause (42 U.S.C. § 1983)

143.   Intervenor-Defendants incorporate their responses to all the prior allegations.

144.   Intervenor-Defendants admit that Executive Order N-64-20 provides that all registered voters in California will be sent a vote-by-mail ballot.  Except as so admitted, Intervenor-Defendants submit that paragraph 144 consists of legal conclusions to which no response is required.  To the extent any facts are alleged, Intervenor-Defendants deny those.

145.   Intervenor-Defendants deny the allegations of paragraph 145.

146.   Intervenor-Defendants deny the allegations of paragraph 146.

147.   Intervenor-Defendants deny the allegations of paragraph 147.

148.   Intervenor-Defendants deny the allegations of paragraph 148.

149.   Intervenor-Defendants deny the allegations of paragraph 149.

150.   Intervenor-Defendants deny the allegations of paragraph 150.

## COUNT II

### Violation of the Electors Clause (42 U.S.C. § 1983)

16
ANSWER OF INTERVENOR-DEFENDANTS
CASE NO. 2:20-CV-01055-MCE-CKD

151. Intervenor-Defendants incorporate their responses to all the prior allegations.

152. Intervenor-Defendants deny the allegations of paragraph 152.

153. Intervenor-Defendants deny the allegations of paragraph 153.

154. Intervenor-Defendants deny the allegations of paragraph 154.

155. Intervenor-Defendants deny the allegations of paragraph 155.

156. Intervenor-Defendants deny the allegations of paragraph 156.

157. Intervenor-Defendants deny the allegations of paragraph 157.

158. Intervenor-Defendants deny the allegations of paragraph 158.

## COUNT III

### Violation of the Right to Vote (42 U.S.C. § 1983)

159. Intervenor-Defendants incorporate their responses to all the prior allegations.

160. Intervenor-Defendants deny the allegations of paragraph 160.

161. Intervenor-Defendants submit that paragraph 161 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

162. Intervenor-Defendants deny the allegations of paragraph 162.

163. Intervenor-Defendants deny the allegations of paragraph 163.

164. Intervenor-Defendants deny the allegations of paragraph 164.

## COUNT IV

### Violation of the Equal Protection Clause (42 U.S.C. § 1983)

165. Intervenor-Defendants incorporate their responses to all the prior allegations.

166. Intervenor-Defendants submit that paragraph 166 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

167. Intervenor-Defendants deny the allegations of paragraph 167.

168. Intervenor-Defendants deny the allegations of paragraph 168.

169. Intervenor-Defendants deny the allegations of paragraph 169.

170. Intervenor-Defendants deny the allegations of paragraph 170.

**WHEREFORE**, Intervenor-Defendants ask this Court to enter judgment in their favor and against Plaintiffs and provide the following relief:

1. A declaratory judgment that Executive Order N-64-20 does not violate the Elections Clause, the Electors Claus, or the Fourteenth Amendment.

2. Intervenor-Defendants' reasonable costs and expenses; and

3. Such other and further relief as the Court deems just and proper.

Dated: June 9, 2020

PUBLIC COUNSEL

By: /s/ Mark D. Rosenbaum (as authorized on 6/10/20)
    Mark D. Rosenbaum
    Kathryn Eidmann
    Jesselyn Friley
    610 S. Ardmore Avenue
    Los Angeles, California 90005
    Telephone:  (213) 385-2977
    Facsimile:  (213) 385-9089
    Email:  mrosenbaum@publiccounsel.org
        keidmann@publiccounsel.org
        jfriley@publiccounsel.org

LAWYERS' COMMITTEE FOR CIVIL RIGHTS

By: /s/ Jon Greenbaum (as authorized on 6/10/20)

    Jon Greenbaum
    Ezra Rosenberg
    Pooja Chaudhuri
    Bradley S. Phillips
    1500 K Street NW
    Washington, DC 20005
    Telephone:  (202) 662-8600
    Facsimile:  (202) 783-0857
    Email:  jgreenbaum@lawyerscommittee.org
        erosenberg@lawyerscommittee.org
        pchaudhuri@lawyerscommittee.org
        bphillips@lawyerscommittee.org

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ John Libby
    John Libby
    2049 Century Park East
    Suite 1700
    Los Angeles, CA 90067
    Telephone:  (310) 312-4000
    Facsimile:  (310) 312-4224
    Email:  JLibby@manatt.com

MANATT, PHELPS & PHILLIPS, LLP
    Christopher L. Wanger
    One Embarcadero Center, 30th Floor
    San Francisco, California 94111
    Telephone:  (415) 291-7400
    Facsimile:  (415) 291-7474
    Email:  CWanger@manatt.com

Attorneys for Intervenor-Defendants, CALIFORNIA COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION