John C. Eastman (SBN: 193726)
Center for Constitutional Jurisprudence
c/o Chapman University Fowler School of Law
One University Dr.
Orange, CA 92866
(714) 943-9983
(714) 844-4817 fax
jeastman@chapman.edu

Noel H. Johnson*
Public Interest Legal Foundation
32 E. Washington Street, Ste. 1675
Indianapolis, IN 46204
(317) 203-5599
njohnson@publicinterestlegal.org
*Pro Hac Vice application to be filed, if necessary

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and CALIFORNIA REPUBLICAN PARTY,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California; and ALEX PADILLA, in his official capacity as California Secretary of State,<br><br>    *Defendants*. | No. 2:20-cv-01055-MCE-CKD<br><br>**PUBLIC INTEREST LEGAL FOUNDATION'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF** |

The Public Interest Legal Foundation ("PILF") by and through undersigned counsel, respectfully moves for leave of court to file an amicus curiae brief in the above captioned case. The proposed brief and exhibit are attached to this motion. In support of this motion, *amicus* states the following:

1. PILF is a non-partisan, 501(c)(3) public-interest organization that is dedicated entirely to promoting the integrity of elections nationwide through research, education, remedial programs, and litigation. This matter presents issues that are at the core of PILF's election-integrity mission—namely, the problems and risks attendant to automatic distribution of ballots. PILF thus has a serious interest in the subject of this action.

3. Amicus believe the information presented in the proposed brief and exhibit will significantly aid the Court in the resolution of the questions raised herein.

4. As part of its mission, PILF studies, audits, and analyzes voter rolls throughout the country. At considerable expense for 501(c)(3) charitable organization, PILF compares voter roll data against federal and other public or commercial databases to flag registrations that are potentially incomplete, outdated, or no longer valid. For example, PILF uses verifiable death records such as the Social Security Death Index as well as other commercial databases to identify with a high degree of confidence active registrants who are deceased.

5. PILF submits its findings and leads to state and local election officials for further investigation in order to aid their voter roll maintenance programs.

6. PILF recently provided findings regarding potentially deceased registrants and duplicated registrations with apparent voting credits assigned to California Secretary of State Alex Padilla. A copy of that submission is attached to PILF's proposed brief. While election officials alone determine whether an individual is eligible to vote, amicus believe this Court will benefit from understanding the potential condition of California's voter roll as it considers whether to uphold California's plan to automatically mail ballots to registered voters.

7. In the memo supporting their request for a preliminary injunction, Plaintiffs discuss the errors and inaccuracies in California's voter roll and the potential for voter fraud in an election conducted entirely by mail. (*See* Doc. 24-1 at 4-9; Doc. 24-1 at 5 ("Because of these

widespread inaccuracies, a state that sends ballots to all registered voters will necessarily send ballots to persons with fake registrations, invalid registrations, or outdated registrations.").) PILF's proposed brief presents factual matters related to those issues and the brief is thus relevant to the issues before the Court.

8. The information and data presented in PILF's proposed brief will very likely not be presented by the existing parties, intervenors, or other *amici* because no other existing party, intervenor, or *amici*, to the best of PILF's knowledge, has invested the resources into examining this question.

9. Mindful of the Court's limited judicial resources, PILF does not seek to intervene as a party or receive any oral argument time. PILF wishes merely to direct the Court to concrete factual matters bearing on the issues presented. Permitting PILF to file the attached brief and exhibit will thus not prejudice any party or delay resolution of this matter.

10. WHEREFORE, PILF respectfully requests leave to file the attached *amicus curiae* brief and exhibit.

Dated: June 12, 2020.

Respectfully submitted,

   /s/ John C. Eastman
John C. Eastman (SBN: 193726)
Center for Constitutional Jurisprudence
c/o Chapman University Fowler School of Law
One University Dr.
Orange, CA 92866
(714) 943-9983
(714) 844-4817 fax
jeastman@chapman.edu

Noel H. Johnson*
Public Interest Legal Foundation
32 E. Washington Street, Ste. 1675
Indianapolis, IN 46204
(317) 203-5599
njohnson@publicinterestlegal.org
*Pro Hac Vice* application to be filed, if necessary

# CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

    /s/ John C. Eastman
John C. Eastman (SBN: 193726)
jeastman@chapman.edu
*Counsel for Proposed Amicus Curiae Public Interest Legal Foundation*