1   Bryan K. Weir (SBN: 310964)
2   Tyler R. Green*
    Cameron T. Norris*
3   Alexa R. Baltes*
    CONSOVOY MCCARTHY PLLC
4   1600 Wilson Boulevard, Suite 700
    Arlington, VA 22209
5   (703) 243-9423

6
    Harmeet K. Dhillon (SBN: 207873)
7   Mark P. Meuser (SBN: 231335)
    DHILLON LAW GROUP INC.
8   177 Post Street, Suite 700
    San Francisco, CA 94108
9   (415) 433-1700
    (415) 520-6593 (fax)
10

11  *Admitted pro hac vice

12                  UNITED STATES DISTRICT COURT

13                  EASTERN DISTRICT OF CALIFORNIA

14

15  REPUBLICAN NATIONAL                 No.  2:20-cv-01055-MCE-CKD
16  COMMITTEE; NATIONAL
    REPUBLICAN CONGRESSIONAL
17  COMMITTEE; and CALIFORNIA
    REPUBLICAN PARTY,               PLAINTIFFS' OPPOSITION TO
18                                  CALIFORNIA COMMON CAUSE, LEAGUE
                        Plaintiffs, OF WOMEN VOTERS OF CALIFORNIA,
19                                  AND COMMUNITY COALITION'S MOTION
        v.                          TO INTERVENE AS DEFENDANTS
20
    GAVIN NEWSOM, in his official capacity
21  as Governor of California; and ALEX
    PADILLA, in his official capacity as
22  California Secretary of State,

23                      Defendants,

24  DEMOCRATIC CONGRESSIONAL
    CAMPAIGN COMMITTEE and
25  DEMOCRATIC PARTY OF
    CALIFORNIA,
26
                Intervenor-Defendants.
27

28

This case challenges the constitutionality of Governor Newsom's decision to rewrite, via executive order, California's election laws. The Governor is here defending his own order, the State of California (via the Attorney General) is here defending the Governor's order, and Plaintiffs agreed that the Democratic Party could intervene and defend the Governor's order. This case doesn't need any more parties defending the Governor's order. Plaintiffs oppose the intervention of any additional defendants, including Movants California Common Cause, the League of Women Voters of California, and Community Coalition. Movants can voice their perspectives and raise their legal arguments in amicus briefs.

* * *

Movants seek only permissive intervention under Rule 24(b). While that Rule instructs courts to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), this Court can deny intervention based on "almost any factor rationally relevant." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999); *accord Spangler v. Pasadena City Bd. of Ed.,* 552 F.2d 1326, 1329 (9th Cir. 1977). At least three factors warrant denying intervention here.

*First*, the Democratic Party has already intervened alongside the State to defend the Governor's order. While Movants say their interests will not be adequately represented by *the State*, Doc. 40 at 13-14, they do not distinguish their interests from the existing intervenors. Nor could they. The existing intervenors claim an interest in ensuring a "meaningful opportunity to cast a ballot," Doc. 18 at 7, and Movants claim the identical interest of "protect[ing] the rights of their members and all California voters to cast their ballots," Doc. 40 at 14. Movants' intervention is thus "unnecessary" and will only "delay the proceedings." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009); *see also Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994).

*Second*, because this case presents purely legal issues, Movants' intervention will not "significantly contribute to … [its] just and equitable adjudication." *Spangler*, 552 F.2d at 1329; *accord H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). "As what is primarily at issue here is the constitutionality" of Executive Order N-64-20, "it is obvious

that the proposed intervention would add little, if any, to the elucidation of the matter." *Sidberry v. Koch*, 539 F. Supp. 413, 418 (S.D.N.Y. 1982). Plaintiffs have raised purely legal claims, and Movants "present[] no new questions"; additional interventions could do no more than "merely underline[] issues of law already raised by the primary parties." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943)). In these circumstances, courts allow interested groups to be amici, but not parties to the litigation. *E.g.*, *Valley View Health Care, Inc. v. Chapman*, 2013 WL 4541602, at *9 (E.D. Cal. Aug. 27, 2013) ("The 'factual' development proposed by Proposed Intervenors does not aid in adjudication of a purely legal issue.").

*Third*, because this Court has already granted intervention to two private parties who fully represent Movants' interests, additional interventions could only cause prejudice and undue delay. "Adding additional parties always takes additional time" and thus delays adjudication of the main action. *See Viterna*, 740 F.2d at 359. "[T]hey are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *Id.*; *see also Valley View*, 2013 WL 4541602, at *9 ("The Court finds that while the Proposed Intervenors may have a unique point of view and expertise, intervention … is likely to result in a delay in the proceedings and duplicative briefing, adding a layer of unwarranted procedural complexity."). Since Movants' added delay and complexity comes with no countervailing benefits, it is "undu[e]." Fed. R. Civ. P. 24(b)(3).

When it comes to election cases, there will always be another group, organization, or individual voter with legitimate interests but with little, if anything, to add. Indeed, while Plaintiffs were finalizing this opposition, *four* additional groups moved to intervene as defendants (LULAC, California LULAC, the California League of Conservation Voters, and the California League of Conservation Voters Education Fund). Lest this already complex litigation devolve into a "Donnybrook Fair," the Court should limit all these additional groups to "the position of *amicus*." *Viterna*, 740 F.2d at 359; *see also Valley View*, 2013 WL 4541602, at *9. At the very least, if Movants are granted intervention, this Court should require them to confer with the existing defendants and make every effort to avoid duplicative, overlapping arguments.

1           *      *      *

2       The Court should deny Movants' motion to intervene and instead permit them to participate

3 as *amici*.

4                                       Respectfully submitted,

5 Dated: June 15, 2020                          */s/ Bryan K. Weir*

6                                         Bryan K. Weir (SBN: 310964)

7                                         Tyler R. Green*

                                        Cameron T. Norris*

8                                         Alexa R. Baltes*

                                        CONSOVOY MCCARTHY PLLC

9                                         1600 Wilson Boulevard, Suite 700

                                        Arlington, VA 22209

10                                         (703) 243-9423

11                                         Harmeet K. Dhillon (SBN: 207873)

12                                         Mark P. Meuser (SBN: 231335)

                                        DHILLON LAW GROUP INC.

13                                         177 Post Street, Suite 700

                                        San Francisco, CA 94108

14                                         (415) 433-1700

15                                         (415) 520-6593 (fax)

16                                         *Admitted pro hac vice*

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I electronically filed this opposition with the Clerk of the Court using the CM/ECF system,

3

which will electronically notify all persons requiring notice.

4

5

Dated:   June 15, 2020                          _/s/ Bryan K. Weir___

6                                                                     Bryan K. Weir
                                                                      CONSOVOY MCCARTHY PLLC
7                                                                     1600 Wilson Boulevard
                                                                      Suite 700
8                                                                     Arlington, VA 22209
                                                                      (703) 243-9423
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Opposition                          4
To Motion to Intervene