MARK D. ROSENBAUM (CA Bar No. 59940)
mrosenbaum@publiccounsel.org
KATHRYN EIDMANN (CA Bar No. 268053)
keidmann@publiccounsel.org
JESSELYN FRILEY (CA Bar No. 319198)
jfriley@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, California 90005
Telephone:    (213) 385-2977
Facsimile:    (213) 385-9089

JOHN LIBBY (CA BAR NO. 128207)
JLibby@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:  310.312.4000
Facsimile:  310.312.4224

JON GREENBAUM (CA Bar No. 166733)
jgreenbaum@lawyerscommittee.org
EZRA ROSENBERG (D.C. Bar No. 360927)
*Pro Hac Vice* Application Pending
erosenberg@lawyerscommittee.org
POOJA CHAUDHURI (CA Bar No. 314847)
pchaudhuri@lawyerscommittee.org
BRADLEY S. PHILLIPS (CA Bar No. 85263)
bphillips@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
1500 K Street NW
Washington, DC 20005
Telephone:   (202) 662-8600
Facsimile:   (202) 783-0857

CHRISTOPHER L. WANGER (CA Bar No. 164751)
CWanger@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California  94111
Telephone:  (415) 291-7400
Facsimile:   (415) 291-7474

Attorneys for Intervenor-Defendants,
CALIFORNIA COMMON CAUSE,  LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and CALIFORNIA REPUBLICAN PARTY<br><br>Plaintiffs,<br><br>vs.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California; and ALEX PADILLA, in his official capacity as California Secretary of State,<br><br>Defendants. | Case No. 2:20-cv-01055-MCE-CKD<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS**<br><br>**Date: July 9, 2020**<br>**Time: 2:00 pm**<br>**Courtroom: 7, 14th Floor**<br>**Judge: Hon. Morrison C. England, Jr.** |

## I. INTRODUCTION

Plaintiffs, Republican National Committee, National Republican Congressional Committee and California Republican Party ("Plaintiffs"), assert three primary arguments in support of their bid to deny Proposed Intervenor-Defendants, California Common Cause, the League of Women Voters of California and Community Coalition (together, "Proposed Intervenors") the right to intervene in this action. None has merit. The Motion should be granted.

## II. ARGUMENT

### A. F.R.C.P. Rule 24 Is Construed In Favor of Applicants for Intervention.

Plaintiffs first suggest that the legal standard on this motion entitles the Court to deny intervention based on "almost any factor rationally relevant." (Brief at p. 1:10-13, *citing Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999).) It is true the Court has wide discretion to grant or deny permissive intervention under F.R.C.P. Rule 24(b)(1)(B) but in the Ninth Circuit Rule 24 is liberally construed in favor of applicants for intervention. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (Rule 24's requirements "are broadly interpreted in favor of intervention"); *and Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("In determining whether intervention is appropriate, we are guided primarily by practical and equitable considerations"). As discussed below, the practical and equitable considerations here strongly favor intervention.

### B. Proposed Intervenors Meet the Requirements For Intervention.

Plaintiffs' Opposition effectively concedes that Proposed Intervenors meet the three threshold requirements for permissive intervention. *See Donnelly, supra*, 159 F.3d at 412. First, Plaintiffs do not dispute that Proposed Intervenors have claims and defenses to Plaintiffs' claims that share common questions of law and fact. Proposed Intervenors expressly deny that Executive Order N-64-20 – the subject of Plaintiffs' Complaint and legal challenge – is invalid and seek a declaratory judgment that, contrary to Plaintiffs' allegations, the Order does not violate the Elections Clause, the Electors Clause, or the Fourteenth Amendment and is not ultra vires. (*See e.g.*, Dkt. # 40-1 at p. 18:1-4.) Proposed Intervenors' Answer obviously raises many of the same

fundamental questions as Plaintiffs' Complaint, including but not limited to whether the Governor's Executive Order in any way denies or dilutes Plaintiffs' or Plaintiffs' members' right to vote and whether and how the public interest, including public safety, could possibly be served by a court order enjoining the Executive Order.

Plaintiffs also make no attempt to establish that Proposed Intervenors' Motion is untimely. Nor could they. Proposed Intervenors filed their Motion within 17 days of commencement of this action and, to date, no substantive proceedings have occurred. Although Plaintiffs suggest that the requested intervention could result in delay, that contention is baseless. Proposed Intervenors have already lodged their proposed Answer to Plaintiffs' Complaint and do not seek any modification of the existing case schedule. Subject to this Court's grant of intervention, Proposed Intervenors will comply with the Court's current briefing schedule on Plaintiffs' preliminary injunction motion and will file their Opposition on June 25, 2020.

Plaintiffs next complain that two other groups[1] now also seek intervention and raise the specter that serial interventions will cause the case to devolve into a "Donnybrook Fair". (Brief at p. 2:13-15.) But Plaintiffs' purported fears are grossly overstated and are easily managed by the Court. To ensure there is no delay or prejudice to Plaintiffs, Proposed Intervenors are prepared to coordinate with LULAC and California League of Conservation Voters and, if necessary, file a joint opposition brief on June 25 to Plaintiffs' preliminary injunction motion. Proposed Intervenors also have previously conferred and will continue to confer with the existing defendants to avoid duplicative and overlapping arguments.[2]

Finally, Plaintiffs do not dispute that the third requirement for permissive intervention - an independent basis for jurisdiction - is satisfied. Because Plaintiffs' action is premised on a federal question and Proposed Intervenors do not and will not assert any new state-law claims, the

---

[1] The two groups are LULAC and California LULAC (Dkt. # 46) and the California League of Conservation Voters and the California League of Conservation Voters Education Fund (Dkt. # 48).

[2] Proposed Intervenors consulted with counsel for the State prior to filing this Motion to confirm that the State did not oppose their intervention.

independent jurisdictional grounds requirement is inapplicable. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).

### C. Proposed Intervenors Are Differently Situated from the Parties and Will Contribute Substantially to the Equitable Adjudication of the Issues.

Plaintiffs next suggest that intervention should be denied because the interests of the State and Proposed Intervenors are completely aligned and that the State can adequately protect Proposed Intervenors' interests. Plaintiffs also note that the Democratic Party has already intervened in the case. But Plaintiffs fail to explain how either the State or the Democratic Party represents or will adequately protect the specific interests of Proposed Intervenors.[3] They cannot.

As this Court noted in granting the Democratic Party's Motion to intervene, the burden of showing that existing parties may not adequately represent the proposed intervenor's interests is a minimal one. (See Dkt. 31 at p. 6:3-6 *citing Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972) and *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).) Here, Proposed Intervenors' interests in the implementation of the Executive Order clearly differ from both those of the State and the Democratic Party. The State's interest lies in exercising and enforcing its inherent authority to properly administer election laws while the Democratic Party is concerned with ensuring its party members have the opportunity to vote to advance its overall electoral prospects. (See Dkt. 31 at 6:12-17 *citing Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011).

In contrast, Proposed Intervenors are *nonpartisan* organizations dedicated to promoting American democracy and the interests of all California voters. Proposed Intervenors' members include Black, Latino and other voters of color as well as voters with underlying medical conditions whose right to vote is particularly jeopardized by the ongoing COVID-19 pandemic. As organizations that serve, represent, and comprise individuals whose fundamental right to vote would be impaired and whose health could be endangered by a grant of the relief sought by

---

[3] There are six qualified political parties in California and a large number of voters that designate themselves as "No Party Preference." Plaintiffs and the Democratic Party do not speak for all voters.

Plaintiffs, Proposed Intervenors are critical participants in these actions and their interests are not the same as the State or the Democratic Party. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001). Proposed Intervenors are not just like any other voter and instead provide a unique perspective and extensive experience in the field of voting rights and are thus well-situated to defend the right of all California voters to cast their ballots safely. In short, their intervention is warranted because it "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F2d 1326, 1329 (9th Cir. 1977).

### D. Plaintiffs' Claims and Proposed Injunction Raise Disputed Factual Issues.

Plaintiffs next contend that intervention can be denied because this case "raises purely legal issues." (Brief at p. 1:25-27.) Nonsense. First, Plaintiffs are seeking a preliminary injunction. In connection with Plaintiffs' preliminary injunction motion, the parties and interveners will have the opportunity to provide this Court with the factual record upon which the Court's injunction determination will depend, including the facts for and against the balance of equities, the public interest and other factors relevant to Plaintiffs' proposed injunction. In light of the importance of the issues raised by Plaintiffs' Complaint, equity requires that the factual record in this matter be as complete as possible, including the negative impact on voters if Plaintiffs' requested relief was granted. Based on their extensive experience in the field of voting rights, Proposed Intervenors should be included as intervenors and provided the opportunity to submit Declarations and other evidentiary support to demonstrate why the public interest and other factors weigh strongly against Plaintiffs' proposed injunction.

Second, by challenging an order intended to facilitate maximum enfranchisement, Plaintiffs' Complaint and proposed injunction implicate the fundamental right to vote held by all Californians, including Proposed Intervenors' members. Challenges like Plaintiffs' to election laws and the fundamental right to vote are governed by the *Anderson-Burdick* balancing test. See generally *Anderson v. Celebrezze*, 460 U.S. 780 (1983); and *Burdick v. Takushi*, 504 U.S. 428 (1992). The *Anderson-Burdick* test "is a sliding scale test, where the more severe the burden, the more compelling the state's interest must be, such that 'a state may justify election regulations

imposing a lesser burden by demonstrating the state has important regulatory interests.' " *Ariz. Green Party v. Reagan*, 838 F.3d 983, 988 (9th Cir. 2016) (*quoting Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 729–30 (9th Cir. 2015) The Ninth Circuit has stressed that when employing this test, its application "rests on the specific facts of a particular election system, not on strained analogies to past cases," as "[a]nalogy and rhetoric are no substitute for evidence." *Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018).  Because Plaintiffs' claims ultimately are subject to a fact-intensive inquiry, their argument that that the case raises purely legal issues is misplaced and clearly erroneous.

Plaintiffs cite a number of stale cases for the proposition that intervention is not warranted in cases raising purely legal issues.  But review of those cases reveals that they merely determined that the proposed intervenors failed to satisfy the requirements for intervention on the applicable facts.  All of the cases are readily distinguishable and none supports denial of Proposed Intervenors' Motion. *See Spangler, supra*, 552 F.2d at 1329 (reversing award of attorneys' fees to parents in school desegregation case because parents never moved to intervene and District Court never determined whether they satisfied requirements for intervention) *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (intervention by State of New York was unwarranted where it had no direct interest in the underlying litigation, had caused a substantial delay in the proceedings and failed to demonstrate that its intervention would assist in the just and equitable adjudication of any of the issues between the parties); *Sidberry v. Koch*, 539 F. Supp. 413, 418 (S.D.N.Y. 1982) (proposed intervenors whose interests were identical to the plaintiffs' and would be represented by same counsel as plaintiffs failed to make requisite showing that the existing representation was insufficient to protect their interests); *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (no abuse of discretion to deny intervenor status where proposed intervenor had already sought and obtained amicus status); and *Valley View Health Care, Inc. v. Chapman*, 2013 WL 4541602, at *9 (E.D. Cal. Aug. 27, 2013) (intervention not warranted in case approaching discovery deadline because of delay posed to proceedings).

Finally, Plaintiffs contend that Proposed Intervenors involvement should be relegated to amicus status. But amicus status is insufficient for obvious reasons. First, amici have more limited

rights to develop, introduce and argue the evidence than intervenors. As a result, Proposed Intervenors may be precluded from introducing declarations and other critical evidence in opposition to Plaintiffs' injunction motion and arguing at the hearing unless they are granted intervenor status.  Also, in contrast to intervenors, amici lack the right to appeal. *See Stringfellow v. Concerned Neighbors in Action* (1987) 480 US 370, 375-376 (permissive intervenor normally has the right to appeal an adverse final judgment). Proposed Intervenors should be granted intervenor status to ensure their right to seek appellate review of the Court's orders.

### III.   CONCLUSION

Based on the foregoing, the Court should grant the Motion and permit Proposed Intervenors to intervene in this action.

Dated:  June 17, 2020

PUBLIC COUNSEL

By: /s/ Mark D. Rosenbaum (as authorized on  6/17/20)
    Mark D. Rosenbaum
    Kathryn Eidmann
    Jesselyn Friley
    610 S. Ardmore Avenue
    Los Angeles, California 90005
    Telephone:   (213) 385-2977
    Facsimile:     (213) 385-9089
    Email:          mrosenbaum@publiccounsel.org
                    keidmann@publiccounsel.org
                    jfriley@publiccounsel.org

LAWYERS' COMMITTEE FOR CIVIL RIGHTS

By:/s/ Jon Greenbaum (as authorized on 6/17/20)

    Jon Greenbaum
    Ezra Rosenberg
    Pooja Chaudhuri
    Bradley S. Phillips
    1500 K Street NW
    Washington, DC 20005
    Telephone:   (202) 662-8600
    Facsimile:     (202) 783-0857
    Email:          jgreenbaum@lawyerscommittee.org
                    erosenberg@lawyerscommittee.org
                    pchaudhuri@lawyerscommittee.org
                    bphillips@lawyerscommittee.org

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ John Libby
    John Libby
    2049 Century Park East
    Suite 1700
    Los Angeles, CA 90067
    Telephone:   (310) 312-4000
    Facsimile:     (310) 312-4224
    Email:          JLibby@manatt.com

MANATT, PHELPS & PHILLIPS, LLP
    Christopher L. Wanger
    One Embarcadero Center, 30th Floor
    San Francisco, California  94111
    Telephone:   (415) 291-7400
    Facsimile:     (415) 291-7474
    Email:          CWanger@manatt.com

Attorneys for Intervenor-Defendants, CALIFORNIA COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION