**ARNOLD & PORTER KAYE SCHOLER LLP**
TRENTON H. NORRIS (SBN 164781)
Trent.Norris@arnoldporter.com
GILBERT R. SEROTA (SBN 75305)
Gilbert.Serota@arnoldporter.com
BEN HALBIG (SBN 321523)
Ben.Halbig@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111-4024
Telephone:    415.471.3100
Facsimile:    415.471.3400

Attorneys for Proposed Defendant-Intervenors
CALIFORNIA LEAGUE OF CONSERVATION VOTERS
and CALIFORNIA LEAGUE OF CONSERVATION
VOTERS EDUCATION FUND

*Additional Attorneys for Proposed Defendant-Intervenors listed on next page*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, *et al*.,<br><br>                     Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, *et al*.,<br><br>                     Defendants. | Case No. 2:20-cv-01055-MCE-CDK<br><br>**REPLY BRIEF IN SUPPORT OF CALIFORNIA LEAGUE OF CONSERVATION VOTERS AND CALIFORNIA LEAGUE OF CONSERVATION VOTERS EDUCATION FUND'S MOTION TO INTERVENE AS DEFENDANTS** |

**BRENNAN CENTER FOR JUSTICE**
  **at NYU SCHOOL OF LAW**
MYRNA PÉREZ[*]
ELIZA SWEREN-BECKER[*]
myrna.perez@nyu.edu
eliza.sweren-becker@nyu.edu
120 Broadway, Suite 1750
New York, NY  10271
Telephone:    646.292.8310
Facsimile:     212.463.7308

**ARNOLD & PORTER KAYE SCHOLER LLP**
JOHN A. FREEDMAN[*]
John.Freedman@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC  20001
Telephone:    202.942.5000
Facsimile:     202.942.5999

*Application for admission pro hac vice forthcoming*

In their opening brief, Proposed Defendant-Intervenors California League of Conservation Voters and California League of Conservation Voters Education Fund (collectively "CLCV") set forth the reasons why they meet the standards for both intervention as of right under Rule 24(a)(2) and permissive intervention under Rule 24(b) of the Federal Rule of Civil Procedure.  Intervention is necessary to enable CLCV to protect three interests threatened by Plaintiffs' position in this lawsuit: (1) ensuring Californians' ability to solve the climate crisis through the electoral process, including by promoting and protecting vote-by-mail, (2) protecting easy access to mail ballots, for which CLCV actively advocated and expended resources, and (3) preserving California's ability to modify election laws through the referendum or initiative process or a commission – powers threatened by Plaintiffs' flawed interpretation of the term "legislature" under the Election Clause and Electors Clause.  Plaintiffs devote less than a page to their opposition to CLCV's right to intervene and fail to explain how CLCV's interests are adequately protected by the existing parties.  Plaintiffs' position lacks merit, and the Court should grant CLCV's Motion.

**I.     Plaintiffs Fail To Show That CLCV Is Not Entitled To Intervene By Right Under Rule 24(a)(2).**

Plaintiffs' sole argument contesting CLCV's intervention as of right — that CLCV is "already fully represented by the Democratic Party" (Opp. 1) — must be rejected in light of CLCV's non-partisan mission and its unique and significant interests at issue in this lawsuit. CLCV's "burden of showing inadequacy of representation is minimal" and satisfied by demonstrating "that representation of its interests *may be* inadequate." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (emphasis added and citation and quotation marks omitted).  Any question "as to whether the existing parties will adequately represent [CLCV's] interests should be resolved in favor of intervention." *Cal. Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 307 (E.D. Cal. 2011).  As an initial matter, Plaintiffs completely ignore that CLCV expended considerable resources advocating for the adoption of the Executive Order at issue in this litigation and has an interest in ensuring that the policy withstands Plaintiffs' challenge.  Br. at 8 (citing *Nichols*, 275 F.R.D. at 307).

Contrary to Plaintiffs' barebones assertion, CLCV's interests in this litigation are ***not***

adequately protected by the existing parties, nor by the Democratic Party Intervenor-Defendants. Unlike the Democratic Party intervenors, whose goal is to advance their candidates' electoral prospects, CLCV is a ***non-partisan*** organization, with members who align with other parties or no party, and which advocates on behalf of local voting interests, including environmental communities of interest. Br. at 14. Plaintiffs cite no cases—not one—where a court has concluded that a partisan political party is adequate to represent a non-partisan organization. Non-affiliated voters are an important part of the electorate, constituting over a quarter of registered voters in the State of California,[1] and non-partisan organizations such as CLCV have important interests in this litigation.

Plaintiffs also argue that this case does not threaten CLCV's "interest in protecting California's referendum and initiative process." Opp. 1. But this is directly contrary to the allegations in the Complaint, which adopt a far narrower interpretation of the term "legislature" in the Elections Clause and Electors Clause—one that directly endangers California's rich history of voting by referendum. *See, e.g.*, Compl. ¶¶ 98-99. If successful, Plaintiffs' novel view of the term "legislature" could erode the ability of Californians to effectuate election reforms through popular referenda or through the Citizens Redistricting Commission, which itself was authorized to regulate redistricting through the initiative process. Br. 11-12. Plaintiffs cannot ignore the indirect and practical effects of the arguments they advance in this litigation. *See* DCCC Order at 4 (citing *Cascade Nat'l Gas Corp. v. El Paso Nat'l Gas Co.*, 386 U.S. 129, 135-36 (1967) ("The requisite interest need not even be direct as long as it *may* be impaired by the outcome of the litigation.") (emphasis added)).

Because Plaintiffs advance no other arguments against intervention by right, the Court should grant CLCV's Motion and allow it to intervene as a defendant pursuant to Rule 24(a)(2).

**II.   All Of Plaintiffs' Arguments Against Permissive Intervention Are Unpersuasive And Should Be Rejected.**

In their half-page response to CLCV's Motion, Plaintiffs incorporate by reference their opposition to the California Common Cause group of proposed intervenors as a basis to deny

---

[1] https://elections.cdn.sos.ca.gov/ror/15day-presprim-2020/historical-reg-stats.pdf

permissive intervention to CLCV.  Opp. 1 (citing Plfs.' Opp. to California Common Cause et al.'s Mot. to Intervene as Defs. (Dkt. 53) (hereinafter "CCC Opp.")).  None of the arguments set forth in Plaintiffs' opposition to California Common Cause's motion provide a basis for the Court to deny permissive intervention as to CLCV.

*First*, CLCV does not claim "the identical interest" of the Democratic Party intervenors (*see id.* at 1), but rather has significant and unique interests that are not adequately protected by the existing parties, including partisan political parties, to this litigation (*see supra* § I; Br. at 7-14).

*Second*, Plaintiffs' contention that intervention should be denied because "this case presents purely legal issues" (CCC Opp. at 1-2) is non-sensical.  The core allegation in the Complaint is that California's vote-by-mail system "invites fraud, coercion, theft, and otherwise illegitimate voting" and "fraudulent and invalid votes dilute the votes of honest citizens."  Compl. ¶ 3.  Indeed, Plaintiffs allege "fraud" in numerous paragraphs throughout the Complaint.  *See, e.g.*, *id.* ¶¶ 3, 22-24, 28, 64, 67, 78, 130.  Whether or not fraud exists is a fundamentally factual inquiry, and one for which Plaintiffs have a heightened obligation to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. Proc. 9(b).

Moreover, as the California Common Cause group noted in their reply, Plaintiffs' preliminary injunction motion necessarily implicates factual issues concerning California's election system.  Calif. Common Cause Reply in Support of Mot. to Intervene as Defs. (Dkt. 57).  CLCV would bring unique expertise and perspective to this factual inquiry, including its experience in advocating on behalf of <u>local</u> voting interests that would otherwise be unrepresented in this lawsuit. Br. at 14.  In any event, Plaintiffs cannot contend that CLCV "merely" seeks to underline issues of law already raised by the primary parties" *See* CCC Opp. at 3. CLCV is the ***only*** party that has asserted an interest in protecting California's referendum and initiative process and the authority of California's Redistricting Commission against the novel and overly narrow definition of "legislature" advanced by Plaintiffs.  Br. at 14-15.

*Third*, there is no basis for Plaintiffs to contend that CLCV's intervention "could only cause prejudice and undue delay."  CCC Opp. at 2.  CLCV filed its motion to intervene 19 days after this case was filed, this case is at its infancy, no substantive issues have been adjudicated nor has any

discovery been taken, and CLCV is prepared to meet any schedule the Court sets and coordinate with the other Defendants and Defendant-Intervenors on briefing and discovery matters.  Br. at 5-7.

Simply put, Plaintiffs have set forth no reason why CLCV should be denied the opportunity to intervene permissively should the Court determine that it is not entitled to intervention by right.

## CONCLUSION

For these reasons, along with those stated in its motion, CLCV respectfully requests that the Court grant its motion to intervene as of right under Rule 24(a)(2), or, in the alternative, permit them to intervene under Rule 24(b).

Dated:  June 19, 2020

Respectfully submitted,

| ARNOLD & PORTER KAYE SCHOLER LLP | BRENNAN CENTER FOR JUSTICE at NYU SCHOOL OF LAW |
|---|---|
| By:  /s/ *Trenton H. Norris*<br>      TRENTON H. NORRIS<br>      Trent.Norris@arnoldporter.com<br>      GILBERT R. SEROTA<br>      Gilbert.Serota@arnoldporter.com<br>      BEN HALBIG<br>      Ben.Halbig@arnoldporter.com<br>      Three Embarcadero Center, 10th Floor<br>      San Francisco, CA  94111-4024<br>      Telephone: 415.471.3100<br>      Facsimile: 415.471.3400<br><br>JOHN A. FREEDMAN[*]<br>John.Freedman@arnoldporter.com<br>601 Massachusetts Ave, NW<br>Washington, DC  20001<br>Telephone: 202.942.5000<br>Facsimile: 202.942.5999 | MYRNA PÉREZ[*]<br>ELIZA SWEREN-BECKER[*]<br>myrna.perez@nyu.edu<br>eliza.sweren-becker@nyu.edu<br>120 Broadway, Suite 1750<br>New York, NY  10271<br>Telephone: 646.292.8310<br>Facsimile:  212.463.7308 |

Attorneys for Proposed Defendant-Intervenors
CALIFORNIA LEAGUE OF CONSERVATION VOTERS and
CALIFORNIA LEAGUE OF CONSERVATION VOTERS EDUCATION FUND

*Application for admission pro hac vice forthcoming

**CERTIFICATE OF SERVICE**

I, Trenton H. Norris, hereby certify that all counsel of record who are deemed to have consented to electronic service are being served a copy of the foregoing document(s) via the Court's CM/ECF system on June 19, 2020.

/s/ *Trenton H. Norris*
TRENTON H. NORRIS