UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, in his official capacity as Governor of California, et al., <br><br> Defendants. | No. 2:20-cv-01055-MCE-CKD <br><br><br> **ORDER** |
| DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, et al., <br><br> Intervenor-Defendants. | |

On May 8, 2020, California Governor Gavin Newsom issued Executive Order N-64-20, which requires all California counties to implement all-mail ballot elections for the November 3, 2020, federal elections ("Executive Order"). By way of the above-captioned related actions, Plaintiffs seek to enjoin enforcement of that Executive Order by Defendants, Governor Newsom and California's Secretary of State Alex Padilla. Plaintiffs are the Republican National Committee, the National Republican Congressional Committee, and the California Republican Party. The Democratic Congressional Campaign Committee and the Democratic Party of California intervened as a matter of right as Intervenor-Defendants. ECF No. 38.

Presently before the Court are three additional Motions to Intervene as Defendants by three sets of proposed intervenors: (1) California Common Cause, the League of Women Voters of California, and Community Coalition (collectively, "Common Cause") seek permissive intervention under Federal Rule of Civil Procedure 24(b), ECF No. 40;[1] (2) League of United Latin American Citizens and California League of United Latin American Citizens (collectively, "LULAC") seek permissive intervention under Rule 24(b), ECF No. 46; and (3) California League of Conservation Voters and California League of Conservation Voters Education Fund (collectively, "CLCV") move to intervene as a matter of right under Rule 24(a)(2), or, alternatively, seek permissive intervention under Rule 24(b), ECF No. 48. Plaintiffs oppose all three Motions. ECF Nos. 53, 56. For the reasons set forth below, those Motions are DENIED.[2]

## ANALYSIS

**A.   Common Cause and LULAC's Motions to Intervene**

Under Rule 24(b)(1), a party may be given permission by the court to intervene if that party shows "(1) independent grounds for jurisdiction; (2) the motion is timely filed; and (3) the applicant's claim or defense, and the main action, have a common question of law or a question of fact in common." Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); see Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977) (providing list of discretionary factors the district court may consider in deciding whether to grant permissive intervention).

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. See E.D. Local Rule 230(g).

The Court finds that both Common Cause and LULAC have met the threshold requirements under Rule 24(b)(1).  First, both Motions to Intervene are timely because they were filed before any substantive proceedings have occurred.  Second, the jurisdictional requirement is met because this case arises under federal question jurisdiction and both Common Cause and LULAC do not assert any new claims.  See Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 844 (9th Cir. 2011).  Finally, there are common questions of law and fact because Common Cause and LULAC seek to defend the constitutionality of the Executive Order.

Although the threshold requirements have been met, the Court finds the discretionary factors weigh against intervention.  Both Common Cause and LULAC assert that they are non-partisan organizations that represent a broad range of voters and have experience in advocating for voting rights, thus they can assist the Court in its decision as to whether the Executive Order is constitutional and whether it impedes on the right to vote.  However, neither group demonstrates what new evidence or arguments they will present that differ from those of the existing Defendants.  See Spangler, 552 F.2d at 1329 (considering "whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented").  The specific issue before the Court is whether the Executive Order violates the Elections and Electors Clauses, but neither Common Cause nor LULAC have identified any arguments that Defendants or Intervenor-Defendants will fail to assert on this issue.

Furthermore, Common Cause and LULAC fail to show how the existing Defendants and Intervenor-Defendants will not adequately represent their interests given that they share the same objective and interests, including the health risks surrounding in-person voting and the allocation of limited resources to inform voters about the election procedures.  See Spangler, 552 F.2d at 1329 (considering "whether the intervenors' interests are adequately represented by other parties").  The fact that Common Cause and LULAC represent a broader range of voters is insufficient to

overcome the fact that they raise the same concerns and arguments as the existing Defendants.  Therefore, Common Cause and LULAC's Motions to Intervene are DENIED.  However, given their knowledge and experience in these matters, the Court finds that both groups can still contribute to this case through the filing of amicus briefs.

### B. CLCV's Motion to Intervene

An intervenor as a matter of right must meet all requirements of Rule 24(a)(2) by showing:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.
>
> In evaluating whether these requirements are met, courts are guided primarily by practical and equitable considerations. Further, courts generally construe [the Rule] broadly in favor of proposed intervenors.  A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.  By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.

United States v. City of Los Angeles, 288 F.3d 391, 397–98 (9th Cir. 2002) (citations and internal quotation marks omitted).

First, the Court finds CLCV's Motion is timely for the same reasons as Common Cause and LULAC's Motions.  Next, CLCV cites three protectable interests as the basis for intervention:  (1) "ensuring all eligible persons have equal opportunity to register to vote, vote for the candidate of their choice, and ensure that their vote has been counted"; (2) "ensuring that all registered voters have easy access to mail ballots"; and (3) "resisting the flawed interpretation of 'legislature' under the Elections Clause and Electors Clause that Plaintiffs pursue."  Mem. ISO Mot. Intervene, ECF No. 48-1, at 7–9. These are routinely found to constitute significant protectable interests.

Similar to Common Cause and LULAC above, however, the Court is not convinced that CLCV's interests will not be adequately represented.  Regarding its

4

interest in the proper interpretation of "legislature" under the Elections and Electors Clauses, CLCV contends that a flawed interpretation could negatively impact California's ballot initiative and referendum process.  However, there is no indication at this stage in the litigation that Plaintiffs are challenging this process and instead, Plaintiffs argue that the focus is on the whether the Executive Order issued by the Governor alone constitutes a law promulgated by the legislature.  See Pls.' Opp., ECF No. 56, at 1. Aside from this distinction, the remaining interests advanced by CLCV have already been addressed by Defendants and Intervenor-Defendants and, like Common Cause and LULAC above, CLCV fails to show what new evidence and arguments it will provide on those interests.  Therefore, CLVC's Motion to Intervene as a matter of right under Rule 24(a)(2) is DENIED.[3]  Again, given its knowledge and experience on these matters, the Court finds that CLCV can still contribute to this case through an amicus brief.

## CONCLUSION

For the reasons set forth above, Common Cause, LULAC, and CLCV's Motions to Intervene, ECF Nos. 40, 46, and 48, are all DENIED.  Common Cause, LULAC, and CLCV may, but are not required to, file amicus briefs within fourteen (14) days following the date this Order is electronically filed and shall not exceed ten (10) pages.  The parties' responses, if any, to the amicus briefs shall be filed not later than seven (7) days after the amicus briefs are filed and shall not exceed ten (10) pages.  No reply will be permitted.

IT IS SO ORDERED.

Dated:  June 22, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Alternatively, CLCV seeks permissive intervention under Rule 24(b).  For the same reasons discussed above in relation to Common Cause and LULAC's Motions, CLVC's Motion to Intervene under Rule 24(b) is also DENIED.

5